Carse Pustmueller, Ph.D. program Director Colorado Natural Areas program Department of Natural Resources 1313 Sherman Street, Room 718 Denver, Colorado 80203
Dear Ms. Pustmueller:
QUESTIONS PRESENTED AND CONCLUSIONS
By letter dated December 12, 1979, you requested an attorney general's opinion regarding the above-referenced matter. Specifically, you requested an opinion regarding:
1. Whether the Department of Natural Resources, Natural Areas program satisfies the requirements of 16 U.S.C. § 1535(c)(2).
My conclusion is "yes."
2. Whether the Department of Natural Resources has authority under state law to apply for grants under the Endangered Species Act.
My conclusion is "yes."
3. Whether the Department of Natural Resources or any other state agency has authority under state law to regulate commerce of endangered or threatened plants.
My conclusion is "no."
ANALYSIS
In your letter you indicated that this information was necessary in order to enable the Department of Natural Resources to apply for and receive federal funds through a cooperative agreement with the U.S. Fish and Wildlife Service as authorized by the Endangered Species Act. It is in this context that the three points raised by your letter will be discussed.
 1. Does the Department of Natural Resources, Natural Areas program, satisfy the requirements of 16 U.S.C. § 1535(c)(2)? Yes, the department satisfies said requirements.
As part of the Endangered Species Act, 16 U.S.C. § 1535(c)(2) authorizes cooperative agreements with any state which establishes and maintains an adequate and active program for the conservation of endangered and threatened species. Once such an agreement has been entered into, the contracting state may receive financial assistance for the development of such programs.
In order for a state to be deemed to have an adequate and active program for the conservation of endangered and threatened species and thereby be eligible to enter into a cooperative agreement, the state program must meet several criteria. In general, the state must either have an existing conservation program or it must have established plans for such a program.
It is my understanding that the Natural Areas program within the Department of Natural Resources does not yet have an established conservation program for endangered and threatened species of plants, but that it is in the process of implementing its existing plans for such a program. Accordingly, the Department of Natural Resources, Natural Areas program must meet the requirements of 16 U.S.C. § 1535(c)(2)(i) and (ii),i.e., it must establish that:
 a. It has authority to conduct investigations to determine the status and requirements for survival of resident species of plants; and
 b. Plans are included under which immediate attention will be given to those resident species of plants which are determined by the Secretary of Interior or the state to be endangered or threatened and which the secretary and the state agree are most urgently in need of conservation programs; and
 c. Provisions are made for public participation in designating resident species of plants as endangered or threatened.
In my opinion, the Department of Natural Resources, Natural Areas program satisfies each of these criteria.
First, it is clear under state law that the Department of Natural Resources through the Natural Areas program has authority to conduct investigations to determine the status and requirements for survival of resident species of plants. The Colorado Natural Areas program was established by the Colorado Natural Areas Act, C.R.S. 1973, 36-10-101 et seq. (Cum. Supp. 1978), the purpose of which is to identify, preserve, protect, perpetuate and enhance specific examples of Colorado's diverse ecosystems, ecological communities and natural features and phenomena from increased threats of irreversible change. C.R.S. 1973, 36-10-102 and 104 (Cum. Supp. 1978).
The Department of Natural Resources is charged with the responsibility of administering this program and specifically has several powers and duties among which are (a) to establish a systematic inventory of natural areas in the state and maintain a registry of such areas; and (b) to establish criteria by which inventoried natural areas can be evaluated and selected for formal inclusion in a statewide system of designated natural areas. C.R.S. 1973, 36-10-105 (Cum. Supp 1978). To date, 22 areas have been placed on the registry and six areas have been designated as state natural areas.
By definition, a natural area is a:
 Physical or biological area which either retains or has reestablished its natural character, although it need not be completely undisturbed, and which typifies native vegetation and associated biological and geological features or provides habitat for rare or endangered animal or plant species or includes geologic or other natural features of scientific or educational value.
C.R.S. 1973, 36-10-103 (Cum. Supp. 1978) (emphasis added). Also see C.R.S. 1973, 36-10-104 (Cum. Supp 1978). Since the Department of Natural Resources through the Colorado Natural Areas program has specific statutory authority to inventory, evaluate and designate natural areas, it also has such authority with respect to habitats for threatened or endangered plant species. It is significant that this authority has received formal recognition from the Governor of the State of Colorado by letter dated September 6, 1979 to the director of the U.S. Fish and Wildlife Service. The inventory, authorized by statute, necessarily involves investigations to determine the status and requirements for survival of resident species of plants. Thus, the Department of Natural Resources, Natural Areas program satisfies the requirements of the first criterion stated above under the Endangered Species Act.
Likewise, the Department of Natural Resources, Natural Areas program satisfies the requirements of the second criterion stated above. I have been advised that the inventory phase of the Colorado Natural Areas program is currently being implemented by contract, which terminates June 30, 1981, between the Department of Natural Resources and The Nature Conservancy. As part of this inventory, as required by the second criterion, plans are included under which immediate attention will be given to those resident species of plants which are determined by the Secretary of the Interior or the department to be endangered or threatened and to those species which the secretary and the department agree are most urgently in need of conservation programs.
Under the contract between the Department of Natural Resources and The Nature Conservancy, The Nature Conservancy has agreed to conduct an inventory of threatened and endangered plants and unique or representative plant community types, among others. With respect to resident plant species, the completed inventory will include locational and biological data on federal and state endangered and threatened plants and plant communities in both a manual management system consisting of abstracts, resource and map files and an automated data management system.
It is anticipated that a list of 187 different species of special plants will be included in the final inventory. This list is being compiled with input from several interested Colorado botanists, the University of Colorado Herberia, the Regional Endangered Species Office of the U.S. Fish and Wildlife Service, and the U.S. Forest Service's Handbook, "Proposed and Recommended Threatened and Endangered Plant Species of the Forest Service Rocky Mountain Region." This list has been reviewed by botanists knowledgeable in the state's flora and is in the process of being finalized. The resident plant species on this list will be given priority on the basis of their endangered or threatened status and will be classified according to the following categories:
1. Federally endangered;
2. Federally threatened;
3. State endangered;
4. State threatened.
5. Special concern:
a. Rare;
b. Vulnerable;
c. Isolated (disjunct or relic populations);
d. Endemic;
e. Peripheral;
f. Undetermined.
These categories evidence the department's plan to give immediate attention to resident species of plants which have been determined by the Secretary of the Interior or the department to be endangered or threatened. Thereby, the department satisfies the requirements in the second criterion stated above under the Endangered Species Act.
Lastly, the Department of Natural Resources, through the Natural Areas program satisfies the requirements of the third criterion stated above. By statute, the department is required to provide for public participation in designating resident species of plants as endangered or threatened.
As part of the Colorado Natural Areas Act, the Colorado Natural Areas Council was created to advise the Department of Natural Resources on the administration of the natural areas program and to approve designation of natural areas by the department. C.R.S. 1973, 36-10-106(1) (Cum. Supp. 1978). The council was given several powers and duties among which are: (1) to review and make recommendations regarding the inventory and registry of natural areas, (2) to review and make recommendations on the department's criteria for and selection of natural areas to be included in the statewide natural areas system, and (3) to seek and approve the design of natural areas by the department. C.R.S. 1973, 36-10-107(1)(b)(c) and (e) (Cum. Supp. 1978).
It is my understanding that the council meets once every two months with notices posted two weeks prior to each meeting. The Colorado Sunshine Act, Open Meetings Law, requires that these meetings be open to the public. C.R.S. 1973, 24-6-401 etseq. (Cum. Supp. 1978). Also, I have been advised that the council encourages public participation and input. As a result, the public is provided with an opportunity to participate in the inventory, registry and designation of natural areas embracing endangered or threatened resident species of plants.
In addition to public participation in the inventory, registry and designation process under the Colorado Sunshine Act, the public may participate in any rulemaking regarding the same under the Colorado Administrative Procedures Act. C.R.S. 1973, 24-4-101et seq. (Cum. Supp. 1978). Under this Act, whenever a state agency is required or permitted by law to make rules, it must accord interested persons an opportunity to participate therein. C.R.S. 1973, 24-4-103(1) (Cum. Supp. 1978). The agency must observe certain procedural requirements which are designed to give the public adequate notice of all rulemaking hearings and to provide interested persons with an opportunity to submit written data, views or arguments and to present the same orally unless the agency deems it unnecessary. C.R.S. 1973, 24-4-103(2), (3) and (4) (Cum. Supp. 1978).
The Department of Natural Resources is an "agency" as that term is used in the Administrative Procedures Act. C.R.S. 1973,24-4-102(3). Further, the Department of Natural Resources is given specific statutory authority to promulgate rules for the designation of natural areas and for the development of plans for the management and use of designated natural areas. C.R.S. 1973, 36-10-105(1)(a)(III) (Cum. Supp. 1978). In order to assist in this process, the Natural Areas Council was given authority to advise the department in the promulgation of such rules. C.R.S. 1973, 36-10-107(1)(d) (Cum. Supp. 1978). Thus, any rules promulgated by the Department of Natural Resources affecting resident species of endangered or threatened plants would be subject to the procedures outlined in the Administrative Procedures Act which guarantee public participation and input.
Although the Department of Natural Resources has not yet engaged in the rule-making process, I have been informed that it has plans to do so once the inventory of natural areas is completed. Currently, the public is participating in the inventory process by virtue of the Colorado Sunshine Act, as discussed above. After the inventory is finalized, public participation under the Colorado Sunshine Act will continue to be afforded in the designation, management, protection and use of designated natural areas. If formal rules are adopted, the public will again be encouraged to participate by virtue of the Administrative Procedures Act. This degree of public involvement clearly satisfies the third criterion listed above for compliance with the Endangered Species Act.
 2. Does the Department of Natural Resources, Natural Areas program, have authority under state law to apply for grants under the Endangered Species Act? "Yes," the department has such authority.
Pursuant to C.R.S. 1973, 36-10-105(1)(a)(VII) and (IX) (Cum. Supp. 1978), the department has the following powers and duties:
 (VII) To cooperate and contract with any federal, state or local governmental agency, educational institution, private organization, or individual for the purpose of carrying out the provisions of (the Natural Areas program); and. . . .
 (IX) To accept and disburse moneys and grants made available to the department under the provisions of any federal law for the purposes of (the Natural Areas program).
As discussed above in response to the first question you raised, the provisions and purposes of the Natural Areas program include the identification, preservation, protection, perpetuation, and enhancement of endangered and threatened resident species of plants. Consequently, under the above-quoted statute, the Department of Natural Resources has authority to contract for, accept and disburse grants which are made available under the Endangered Species Act with respect to endangered and threatened plants.
 3. Does the Department of Natural Resources or any other state agency have authority under state law to regulate commerce of endangered or threatened plants? "No," but the department has such authority to a limited extent under federal law.
I am aware of no specific state statutes which govern commerce of endangered or threatened plant species. However, federal statutes for the same exist as part of the Endangered Species Act.
As discussed above, under 16 U.S.C. § 1535(c)(2), a state may enter into a cooperative agreement in order to obtain federal funds under the Endangered Species Act if the state has a program which meets certain criteria. The Colorado Natural Areas program within the Department of Natural Resources satisfies those requirements through its implementation of plans for the establishment of a conservation program. Any cooperative agreement entered into for the development of these plans is subject to the provisions of 16 U.S.C. § 1533(d) and1538(a)(2) which govern regulation of commerce of endangered and threatened species of plants. In other words, federal statutes control such commerce.
Since federal law controls commerce of resident endangered or threatened plant species, it is significant that the federal agency responsible for implementing the Endangered Species Act, the U.S. Fish and Wildlife Service, has recognized the Department of Natural Resources as the official plant conservation agency within the State of Colorado. By letter dated April 14, 1978 from the Governor of the State of Colorado to the director of the U.S. Fish and Wildlife Service, the Department of Natural Resources was designated as the official agency for reviewing resident endangered or threatened plant species permits for removal or transportation of the same. This designation was acknowledged by the U.S. Fish and Wildlife Service by letter dated May 15, 1978. As a result, the department exercises some control over commerce of endangered or threatened plants.
SUMMARY
In summary, it is my opinion that the Colorado Natural Areas program within the Department of Natural Resources satisfies the requirements of the Endangered Species Act with respect to endangered and threatened resident species of plants. The department also has authority to enter into cooperative agreements under said Act to obtain federal funds for the development of its conservation program. Finally, the department, as the official Colorado plant conservation agency, has authority under federal law to review permits for the removal or transportation of endangered or threatened plants.
Very truly yours,
 J.D. MacFarlane Attorney General
WILDLIFE NATURAL RESOURCES FEDERAL GRANTS
16 U.S.C. § 1533(d)16 U.S.C. § 1535(c)(2)16 U.S.C. § 1538(a)(2)
C.R.S. 1973, 24-4-101 et seq. C.R.S. 1973, 24-6-401 et seq. C.R.S. 1973, 36-10-101 et seq.
NATURAL RESOURCES Wildlife, Div. of
The Colorado Natural Areas program within the Department of Natural Resources satisfies the requirements of the Endangered Species Act with respect to endangered and threatened resident species of plants. The department also has authority to enter into cooperative agreements under said act to obtain federal funds for the development of its conservation program. Finally, the department, as the official Colorado plant conservation agency, has authority under federal law to review permits for the removal or transportation of endangered or threatened plants.